Pearson, C. J.
 

 The first exception of defendants, Shannonhouse and wife, is allowed.
 

 The deed of Banks, the father of Mrs. Shannonhouse, to Harvey, her first husband, is an absolute conveyance to him in fee simple of a tract of land in consideration of $5860. She is not named in the deed, and takes nothing under it; so, standing alone and without explanation, it can furnish no ground whatever to support the allegation of an advancement to her.
 

 Waiving all objections to the evidence offered by the petitioners, and taking the fact to be that the father supposed he was making an advancement to his daughter, by making this conveyance to her husband, to the amount of $4,000 in part of the purchase money, it is perfectly clear that Mrs. Shannonhouse has received of her father no land by way of advancement, and nothing as equivalent therefor, or as a •substitute for it.
 

 Mr. Smith relied upon
 
 Bridgers
 
 v.
 
 Hutchings,
 
 11 Ire., 68, where it is held, a gift of personal property to a husband is an advancement to the wife, and insisted that there was no difference between a gift of personal property and a gift of land.
 

 In our opinion there is a very essential difference. If
 
 *287
 

 personal property
 
 be given to a wife, it instantly,
 
 jure mariti,
 
 belongs to the husband; so it is immaterial whether the gift be made to the wife or to the husband. But
 
 if land
 
 be given to the wife it
 
 remains hers,
 
 and the husband can only become entitled to a life estate as tenant by the curtesy; whereas, if it be conveyed to the husband, the wife takes nothing,, save a collateral right to have dower in case she survives; so it cannot be said in any sense that she has received of her father any land by way of advancement.
 

 Mr. Smith suggested that the wife has an equity, on the ground of mistake, to convert the heirs of her first husband into trustees for her, .to the extent of this $4,000, and for that reason it should be treated as an advancement. We can see no reason why she should be excluded as an heir, and be forced to take upon herself alone the risks of setting up an equity against the heirs of her first husband. The mistake or inadvertence was on the part of their common ancestor, and his equity to have the matter put right devolved upon all his heirs; and the' way is open for the heirs, if so advised, to file a bill in order to set up this equity. Apart from this, it may be that should Mrs. Shannonhouse take dower of the estate of her first husband in respect to this $4,000 worth of land, the other heirs of her father may have an equity against her for contribution, but that possibility can in no wise support the allegation that she has received of her father land by way of advancement.
 

 There is error in the order refusing to allow the first exception.
 

 The second exception is not allowed. The slaves constituted an advancement as of their value at the time they went into the possession of Mrs. Shannonhouse, and their “political death” afterwards is the same in legal effect as if they had died a natural death.
 

 There is no error.
 

 The appeal being from an interlocutory order refusing to
 
 *288
 
 allow both exceptions, Shannonhouse and wife are entitled to the costs of this court.
 

 This opinion will be certified to the end that further proceedings may be had in the court below.
 

 Per Curiam. Ordered accordingly.